STATE OF IOWA, Appellee, v. W. J. CLARK, Appellant.

Criminal law: ATTEMPT TO ESCAPE CUSTODY: EVIDENCE. Where the de-
1 fendant, following a former conviction, informed the officers where they would find a knife which had been formed into a saw, and of a hole in the jail wall which had been cut nearly through by another prisoner, the fact that the knife was found as indicated by defendant was admissible on the second trial of the same cause, as tending to show an attempt of the defendant to escape, although he was not himself identified with the use of the knife.

Same: LARCENY: EVIDENCE. Evidence of the finding of a revolver in
2 defendant's room along with the stolen property was admissible, in a prosecution for larceny from a building in the nighttime; as a revolver is the usual equipment of one who commits the crime of larceny under such circumstances.

Same: EVIDENCE: RES GESTAE: IMPEACHMENT. Evidence of what a third
3 person, the owner of the stolen property, said in conversation with the defendant was not admissible as part of the res gestae; nor as having occurred in the presence of the owner of the property, who was not a party to the action. If the evidence thus offered was for the purpose of impeachment the proper foundation was not laid.

Same: FORMER CONVICTION: EVIDENCE: IDENTIFICATION. Where the
4 record of conviction in another state of a person with a name similar to that of defendant was offered in evidence by the state, and defendant denied such conviction, the inquiry of defendant on cross-examination asking if he had not been several times convicted and sent to a house of correction was proper, on the question of identi-

fication; and if improperly admitted it was not prejudicial, as the record was excluded because of insufficient evidence of identity.

*Appeal from Bremer District Court.*—C. H. KELLEY, Judge.

FRIDAY, MAY 15, 1914.

INDICTMENT for larceny from a building. From a verdict and judgment convicting the defendant of larceny, he appeals. —*Affirmed.*

*Sager & Sweet,* for appellant.

*Geo. Cosson,* Attorney-General, *John Fletcher,* Assistant Attorney-General, and *W. H. Wehrmacher,* County Attorney, for the State.

WITHROW, J.—I. The defendant was tried under an indictment charging him with the crime of larceny from a building. The larceny alleged to have been committed was of seventy-four mink skins or pelts of the value of $303. Upon the trial he was convicted of larceny of property as charged, the jury fixing the value of the stolen property at $72.60. On a former trial of the case, following a verdict of guilty, appeal was taken to this court, and the judgment of conviction set aside for errors committed upon the trial. 160 Iowa, 138. From a judgment of conviction on the second trial, this appeal is brought.

The evidence introduced on the part of the state tended to show larceny of the property, the presence of the defendant in Tripoli, the place where it was committed, at or near the time of the larceny, the denial of the defendant, upon being arrested, that he had been in Tripoli, and his subsequent admissions of error in the statement, that furs identified as being a part of those stolen were found in his room in Chicago, and others, also identified, were sold by the defendant. The claim of the defendant is that he was not in Tripoli at the time of

the alleged larceny, but that he left the town by train on the evening of the day at a time before that shown by the state as being the commission of the crime; that the furs he sold in Chicago were procured by him from another man whom he named as one Kromer, of Dubuque; and that in making sales under the name of Norman, as he did, such was done at the suggestion of Kromer, for the alleged reason that in so doing he used the name of a dealer in furs in Tripoli, and could probably sell to better advantage. The evidence was of such nature as gave support to the finding of the jury; and this we do not understand is seriously disputed by counsel for appellant; but errors are urged which it is claimed were so prejudicial as to enter into and materially affect the action of the jury that because of them the defendant did not have a fair trial. The alleged errors we will consider.

II. During the progress of the trial, counsel for the state presented in the presence of the jury for identification by the official reporter Exhibits I and J, being respectively a billy, and a twisted wire handle with a leaden end fashioned as a hammer. Exhibit I was found by the sheriff in the bed which had been occupied by the defendant the day after he had been taken to the penitentiary following his former conviction. While on the way to prison, the appellant had told the sheriff where he could find in a certain place in the jail a case knife which had been fashioned into a saw, and also where he could find a hole in the wall of the jail, cut nearly through it. Upon making search, after his return, the sheriff found the knife and the condition of the wall as stated by the appellant and also the billy. The circumstances under which and the place where Exhibit J was found do not clearly appear in the record. Neither Exhibits I nor J were admitted in evidence, and upon the offer of the former for identification the trial court cautioned the county attorney that it was useless to proceed further in that direction unless it was expected to connect the defendant with it. To this caution reply was made that it was expected to follow it up, and with this assurance the state

offered to prove that it was found in the bed which had previously been used by the appellant, but was not permitted to do so. No connection of the appellant with Exhibit J appears in the record. Both of these exhibits were produced in the presence of the jury, and were met by timely objections, and were rejected as not being competent evidence. It was shown that other prisoners also had the range of the jail—men who were held under charges of various serious crimes. The rejection of the offered exhibits was proper; but it is contended by the appellant that there was error in offering them in the presence of the jury, as they were instruments of crime, and of such character as to be commonly so identified, and that the damaging effect of their presentation was not removed by their subsequent exclusion. We deem it best to consider the ultimate question raised by this objection in connection with others which are raised.

III. Exhibit K, the case knife which had been modeled into a saw, was found at the place where the appellant told the sheriff it had been hidden, not in his cell, but in the toilet room. It was admitted in evidence over the

1. CRIMINAL LAW: attempt to escape custody: evidence.

objection of the appellant. The theory of the state, which apparently was the view adopted by the trial court, was that it was an instrument used as a means to aid in an attempt to escape; and, having been identified and located by the prisoner, it was competent as tending to show his connection with such an attempt, and therefore admissible upon the question of his guilt, which may be inferred from such an attempt. While in his description of the condition of the jail the appellant made no admissions as to himself, he stated that the hole which was in the wall had been made by a negro prisoner, who as appears from the record was held on a serious charge. Having given information as to the knife and where it could be found, taking into consideration the purpose for which it had been used, we think his connection with it was a proper question for the jury, and in admitting it there was no error.

IV. Evidence was admitted over objections of a revolver found in the room of the appellant at Chicago. The identification by the officer who claimed to have found it was that it looked like the revolver he found, that it had the same number of cylinders, and was of the same caliber. In the former consideration of this case on appeal, evidence as to the revolver being found in the room with some of the pelts which were alleged to have been stolen was admitted as being competent as a part of the transaction, as a revolver is not an unusual part of the equipment of one who commits larceny at night. The record upon this question is in no material respect different from that produced on the former trial, and there was no error in admitting the revolver in evidence.

2. SAME: larceny: evidence.

V. On the part of the state, evidence was admitted tending to show that after the arrest of the defendant Panzer, who claimed to be the owner of the stolen furs, a man from Galena who claimed some of the pelts as his own, with some officer, were present, and that there was then some talk with the defendant about the stolen furs. The defendant testified in his own behalf, and as a part of the examination was asked to state what was said by the man from Galena in the presence of Panzer. The latter was not a party to the action. If the question was intended as impeaching, the proper foundation was not laid; and it could not be held to be a part of the res gestœ. There was no error in excluding it.

3. SAME: evidence: res gestœ: impeachment.

VI. The state offered in evidence the record of the conviction of one William Clark in 1894, in the criminal court of Cook county, Ill., on the charge of breaking and entering and other charges growing out of the same transaction, followed by a plea of guilty of the crime of burglary, and a sentence to the house of correction in the city of Chicago for a term of ten months. The offer was objected to on the ground that it did not identify the defendant, and that it did not appear that it

4. SAME: former conviction: evidence: identification.

charged a felony under the statutes of Illinois. The trial court proceeded upon the theory that it is presumed, in the absence of proof to the contrary, that the statutes of Illinois are the same as our own and admitted the transcript. Following such offer and admission, the defendant testified that he was not at the time or place named adjudged guilty of the offense there charged. On cross-examination he was asked if he did not go to the house of correction, which the trial court held to be a proper question as to his identity with the person named in the Illinois transcript. The cross-examination was broad, and this in the exercise of its discretion the trial court had the right to permit. It was all directed to and had bearing upon the question of identity. Following this examination the trial court, finding that identity had not been shown, withdrew the Illinois transcript from the consideration of the jury. Error is urged in the ruling compelling defendant to answer whether he had not at several times been convicted. We think the question was competent and was evidently intended to meet his denial of identity. It was directed to that issue, and in view of his previous testimony was not improper. The transcript not finally having been admitted, and this because of failure of proof largely resulting from his own testimony, we think there was no prejudicial error in permitting the question.

VII. We have carefully considered the record in this case. The evidence is of such nature and weight as to fully warrant the finding of the jury. While the zeal of the prosecuting attorney at times led him close to the border line of prejudicial action, the trial court rigidly held to the rules intended to protect the defendant in having a fair trial, and by its rulings and cautions we think so guarded his rights as to have assured to him a fair trial without prejudicial error in the record.

The judgment of conviction is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.